## Commonwealth v. Feigenbaum

*J. Wilson Ames*, district attorney, for Commonwealth.
*C. E. Bodie*, for defendant.

SWOYER, P. J., December 30, 1935.—The information in this case was laid under section 1008(*b*) of The Vehicle Code of May 1, 1929, P. L. 905, before T. L. Medland, justice of the peace, of Waymart, Pa., and defendant waived a hearing, which brings the matter before the court for adjudication.

It appears from the testimony in this case that on July 14, 1935, the defendant, Simon Feigenbaum, then operating his automobile on State Highway Route No. 6 in the direction of Carbondale, overtook and passed another motor vehicle approximately 250 feet from the crest of a slight rise in the road and at a point where he did not have a clear vision of the roadbed for a distance of

300 feet. It is also in evidence that at all times from the beginning of the pass to its completion defendant could have seen an object rising more than two feet above the roadbed for a distance of 300 feet or more.

The guilt or innocence of the defendant depends upon the answer to two questions: (1) Does the act of assembly require that the operator of an automobile when attempting to pass another motor vehicle traveling in the same direction when approaching the crest of a grade must have an unobstructed view of the surface of the highway for a full 300 feet, or is such a pass legal if attempted when the operator does not have such an unobstructed view of the surface of the road but does have such an unobstructed vision as to be able to see approaching traffic, whether pedestrian or vehicular, for a distance of 300 feet or more? (2) In either case, does the act require that the operator have such unobstructed vision at the time of the commencement of the pass, or must he attempt the pass at such point as will still allow him 300 feet of unobstructed vision after he has completed the pass?

Section 1008(b) of The Vehicle Code reads as follows:

"The driver of a vehicle shall not overtake and pass another vehicle proceeding in the same direction, when approaching the crest of a grade, nor upon a curve in the highway, where the driver's view along the highway is obstructed within a distance of three hundred (300) feet ahead."

We find no cases in Pennsylvania construing this particular clause of the Act of 1929 and we believe it to be a case of first impression in this State. The courts in other States having similar legislation have, however, with great uniformity held that the driver of the vehicle attempting to pass at a curve or approaching the crest of a grade must have such an unobstructed view of the highway ahead as to be able to see approaching traffic for the distance prescribed by the act; we are inclined to apply the same interpretation to our act of assembly.

The wording of the act supports such a view: it does not say that the driver must have an unobstructed view of the highway for a distance of 300 feet, but that he must have such unobstructed view along the highway for the specified distance.

Further, we must consider this clause of the act in connection with the immediately preceding clause (*a*), which reads as follows:

"The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction, unless such left side is clearly visible, and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety."

Taken together, these two clauses set forth the requisites for legal overtaking and passing (*a*) upon the ordinary straight and level road, and (*b*) upon approaching the crest of a grade or a curve; and as the first obviously contemplates that the road be free of oncoming traffic for a safe distance ahead, we believe that this same intent must be carried into the second clause—the distinction being that in clause (*a*) the legislature allowed a certain leeway to the driver in the exercise of his judgment as to what constitutes a safe passing distance, while in clause (*b*), recognizing the increased dangers of passing upon hills and curves, it fixed an arbitrary distance beyond which unobstructed vision must be had before attempting a pass. The test in clause (*b*) is a view along the highway for not less than 300 feet so unobstructed that approaching traffic may be seen for at least that distance.

But where must this unobstructed vision be had—at the beginning of the pass or at the completion of the pass? It has been argued that, since the act says "overtaking and passing", a pass so made is illegal if, after its completion and the passing car has returned to the right-hand traffic line, the driver thereof has not then

and there an unobstructed vision of 300 feet ahead. With this contention we cannot agree, if for no other reason than its impracticability. With varying car speeds, no man could tell with certainty that a pass attempted where, when commenced, he had a clear vision of 300 feet could be completed before such vision became obstructed, by oncoming traffic or otherwise, within 300 feet. We are of the opinion that the legislature, either arbitrarily or by calculation, determined upon 300 feet of unobstructed vision as a distance within which a car traveling at a legal rate of speed might be overtaken and passed by another car also traveling at the legal rate.

To sum up, we are of the opinion that where the operator of a vehicle overtakes another vehicle as he approaches a curve or the crest of a grade and commences to pass at a point where he has a vision along the highway for 300 feet or more so unobstructed that he can see approaching traffic for that distance, he has a legal right to pass provided that there is no approaching traffic and that he has given the proper signal of his intention to pass in a manner audible to the driver of the car ahead and visible to those in the rear.

Since, from all of the testimony in the case it appears that the defendant, Simon Feigenbaum, had, at the time of commencing the alleged illegal pass, an unobstructed vision ahead along the highway so that he could see approaching or other traffic for a distance of 300 feet, we must find him not guilty. County to pay costs.

From A. G. Rutherford, Honesdale.